UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BILL BOYDSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:18-CV-2136 |
| | § | |
| CHEVRON RETIREMENT PLAN AND | § | |
| CHEVRON CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants, Chevron Retirement Plan and Chevron Corporation, by Counsel, hereby file this Notice of Removal of this action from the 165th Harris County District Court, wherein it is now pending as Cause No. 2018-34589, to the United States District Court for the Southern District of Texas. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441, 1446, and 29 U.S.C. § 1132. In support hereof, Defendants show this Court as follows:

1. An action was filed on May 23, 2018, in Harris County District Court, entitled *Boydston v. Chevron Retirement Plan and Chevron Corporation*, Cause No. 2018-34589 (the "State Court Action").

2. Chevron Retirement Plan was served with the Petition no earlier than June 4, 2018. Per the State Court's docket, Chevron Corporation was served with the Petition no earlier than June 14, 2018.

3. This Notice is being filed with this Court within thirty (30) days after Chevron Retirement Plan and Chevron Corporation were served with a copy of Plaintiff's initial pleading setting forth the grounds for his action and his claims for relief.

1

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically 29 U.S.C. § 1001 *et seq.*, otherwise known as the Employee Retirement Income Security Act of 1974 ("ERISA"), as follows:

(a) Plaintiff's Original Petition, on its face, alleges a claim for denial of benefits under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B) (commonly referred to as "ERISA Section 502(a)(1)(B)," a reference to Pub. L. No. 93–406, 88 Stat. 829). *See* Plaintiff's Original Petition at 3-4, attached hereto as Exhibit C.

(b) ERISA provides that "district courts of the United States shall have concurrent jurisdiction over" any action brought under 29 U.S.C. § 1132(a)(1)(B) "without respect to the amount in controversy or the citizenship of the parties." 29 U.S.C. § 1132(e)-(f).

(c) Plaintiff's Original Petition, on its face, also alleges a claim for breach of fiduciary duty in connection with the calculation of his benefits, which arises under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(3). *See* Plaintiff's Original Petition at 4, attached hereto as Exhibit C.

(d) ERISA provides that "district courts of the United States shall have exclusive jurisdiction over" any action brought under 29 U.S.C. § 1132(a)(3) "without respect to the amount in controversy or the citizenship of the parties." 29 U.S.C. § 1132(e)-(f).

(e) State-law claims seeking relief within the scope of ERISA Section 502(a) are characterized as arising under federal law, and as such, are also removable to federal court. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 60, 67 (1987). As a

result, to the extent that Plaintiff's claims for breach of fiduciary duty and promissory estoppel arise under state law, they are also removable.  *See id.*

5. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Southern District of Texas because the county from which the State Court Action is being removed (Harris County) lies within that federal court's jurisdiction.  Furthermore, pursuant to 29 U.S.C. § 1132(e)(2), venue of the removal action is proper in the United States District Court for the Southern District of Texas because Plaintiff alleges the breach took place in Harris County, Texas.

6. Promptly after the filing of this Notice of Removal, Chevron Retirement Plan and Chevron Corporation shall give written notice of the removal to Plaintiff and to the Clerk of the 165th District Court of Harris County, as required by 28 U.S.C. § 1446(d).

7. Chevron Retirement Plan and Chevron Corporation are the only defendants and both consent to removal.

8. In accordance with Local Rule 81, the following documents are attached to this Notice of Removal: (a) all executed process in this case; (b) all pleadings and answers; (c) all orders signed by the state judge (none); (d) the docket sheet; (e) an Index of Matters Being Filed; and (f) a list of all counsel of record.

WHEREFORE, Chevron Retirement Plan and Chevron Corporation request that the above-described action be removed to this Court.

Dated: June 25, 2018

          KING & SPALDING LLP

/s/ *David Tetrick*
David Tetrick
Attorney-in-Charge
1180 Peachtree Street, NE Suite 1600
Atlanta, Georgia 30309
(404) 572-3526
(404) 572-5100 – Fax
dtetrick@kslaw.com
*Motion for Admission Pro Hac Vice and for Leave to Appear as Attorney-in-Charge filed concurrently herewith*

Kayla Carrick
Of Counsel
State Bar No. 24087264
S.D. Tex. Bar No. 2952038
1100 Louisiana, Suite 4000
Houston, Texas 77002
(713) 751-3254
(713) 751-3290 – Fax
kcarrick@kslaw.com

**Attorneys for Defendants**
**Chevron Retirement Plan and**
**Chevron Corporation**

**CERTIFICATE OF SERVICE**

      This is to certify that on this 25th day of June, 2018, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system and served same by depositing a copy into the U.S. Mail with appropriate postage affixed to the following:

Craig R. Keener
1005 Heights Boulevard
Houston, Texas 77008
CRKeener@aol.com

Attorney for Plaintiff Bill Boydston

                                          */s/ Kayla Carrick*
                                          Kayla Carrick