# EXHIBIT C

Case 4:18-cv-02136 Document 1-4 Filed in TXSD on 06/25/18 Page 2 of 12

5/23/2018 3:08 PM
Chris Daniel - District Clerk Harris County
Envelope No. 24809159
By: Walter Eldridge
Filed: 5/23/2018 3:08 PM

NO. _____

| | | |
|---|---|---|
| BILL BOYDSTON | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHEVRON RETIREMENT PLAN AND | § | |
| CHEVRON CORPORATION | § | |
|     Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Bill Boydston, files this original petition against Defendants, Chevron Retirement Plan ("CRP") and Chevron Corporation ("Chevron") for denial of benefits, breach of fiduciary duty, and promissory estoppel. This case will be controlled by Discovery Plan Level Two (2) as required by Tex. R. Civ. P. 190.

## PARTIES, RESIDENCE AND SERVICE

Plaintiff, Bill Boydston, was a resident of Harris County, Texas.

CRP is a retirement plan formed under the Employee Retirement Income Security Act ("ERISA"). CRP can be served by serving its agent, Chevron Corporation, Service of Process, 6001 Bollinger Canyon Road, Building T (T-3371), San Ramon, CA 94583-2324, by certified mail.

Chevron is the plan sponsor for CRP. Chevron is required to maintain, but does not maintain, an agent for service of process in Texas. Chevron can be served by serving the Secretary of State of Texas, with instructions to mail the citation and petition to Chevron's home office Chevron Corporation, 6001 Bollinger Canyon Road, Building T (T-3371), San Ramon, CA 94583-2324, by certified mail.

## JURISDICTION AND VENUE

The amount in controversy is within the jurisdictional limits of this Honorable Court. Because this is a claim for denial of benefits under ERISA, this court has subject-matter jurisdiction over this dispute. Because the incidents which form the basis of this petition occurred in Harris County, Texas, venue is proper in this Court. TEX. CIV. PRAC. & REM. CODE § 15.002.

## FACTS

Bill Boydston was an employee of Chevron. He was last hired before 1/1/2008, but started back with Chevron after 1/1/2008. He was qualified to participate in the CRP. Chevron has two different retirement plans, one for people hired before January 1, 2008 (the "Old Plan"), and one for employees hired after January 1, 2008. The calculations for benefits are different under the two plans, with more benefits being due to employees who were hired before January 1, 2008.

Upon retirement from Chevron, Bill Boydston made a claim for all amounts he was due under the CRP. Bill Boydston was mailed a check for $208,648.34. This is approximately half the amount that Bill Boydston is entitled to for his years of service to Chevron. Bill Boydston is entitled to these additional amounts because he was hired before January 1, 2008. The facts which support this are as follows:

1. Bill Boydston was offered and accepted a position to return to Chevron well before 1/1/2008. He was therefore "hired" before 1/1/2008.

2. Bill Boydston was verbally told by his hiring manager and his HR representative, prior to agreeing to return to Chevron, that all of his benefits would be maintained as if he never left. He was specifically told by both the hiring manager and the HR representative that starting after 1/1/2008 would not impact his benefits in any way.

-2-

3.  Bill Boydston was sent an e-mail on May 28, 2008 which confirmed what he had been told, that all of his Plan calculations would be done in accordance with the Plan for employees hired before 1/1/2008. All pertinent dates, including his Benefit Accrual Service Date, are in 2003.

4.  When Bill Boydston asked if his first day of work could be after 1/1/2008, he was never informed that it would change his benefits package. In fact, he was affirmatively told that it would not change his benefits package. Had Bill Boydston been informed that starting after 1/1/2008 would change his benefits package, he certainly would have started work before 1/1/2008.

All calculations regarding Bill Boydston's benefits should therefore be done using the formulas detailed in the Old Plan.

**CONDITIONS PRECEDENT**

Pursuant to TEX. R. CIV. P. 54, all conditions precedent necessary to filing suit and recovering from CRP and Chevron have been performed or have occurred. Bill Boydston has made a claim for these benefits, and that claim was denied by the CRP. Bill Boydston appealed the denial of those benefits to the review panel for the CRP, and that appeal was denied.

**CLAIM FOR DENIAL OF BENEFITS**

Defendants' actions constitute a denial of benefits. Pursuant to § 502(a)(1)(B) of ERISA, Bill Boydston sues to recover the additional benefits he is entitled to receive under the old plan. Bill Boydston properly made a claim for benefits, exhausted the plan's administrative appeals process, is entitled to the benefits he seeks under the plan's terms, and was denied those benefits.

-3-

## CLAIM FOR BREACH OF FIDUCIARY DUTY

Chevron's actions constitute a breach of fiduciary duty.  Pursuant to § 502(a) of ERISA, Bill Boydston sues to recover the additional benefits he is entitled to receive under the Old Plan.  As the plan administrator, Chevron owes its plan participants a fiduciary duty.  Chevron breached its fiduciary duty by:

1. Misrepresenting to Bill Boydston, prior to his agreeing to return to Chevron, that all of his benefits would be maintained as if he never left.  Bill Boydston was specifically told by both the hiring manager and the HR representative that starting after 1/1/2008 would not impact his benefits in any way;

2. Misrepresenting to Bill Boydston in an e-mail on May 28, 2008, that all of his Plan calculations would be done in accordance with the Old Plan; and

3. Misrepresenting to Bill Boydston that starting work after 1/1/2008 would not change his benefits package.

Chevron's breach of fiduciary duty resulted in damage to Bill Boydston, as his benefits were not calculated using the formula in the Old Plan, depriving him of significant benefits.

## CLAIM FOR PROMISSORY ESTOPPEL

Chevron's denial of benefits is barred by the equitable doctrine of promissory estoppel.

1. Chevron promised Bill Boydston, prior to his agreeing to return to Chevron, that all of his benefits would be maintained as if he never left.  Bill Boydston was specifically told by both the hiring manager and the HR representative that starting after 1/1/2008 would not impact his benefits in any way;

Certified Document Number: 80063269 - Page 4 of 6

2. Chevron put in writing to Bill Boydston, in an e-mail on May 28, 2008, that all of his Plan calculations would be done in accordance with the Old Plan; and

3. Chevron promised Bill Boydston that starting work after 1/1/2008 would not change his benefits package.

It was foreseeable to Chevron that Bill Boydston would rely on these promises. Bill Boydston in fact relied on these promise and suffered substantial detriment as a result. Bill Boydston's benefits were not calculated using the formula in the Old Plan, depriving him of significant benefits.

## DAMAGES

Bill Boydston is now suffering and will continue to suffer injury and monetary damages as a result of Defendants' ERISA violations unless this Court grants relief. Specifically, Bill Boydston has suffered damages in the form of lost benefits. Pursuant to Texas Rule of Civil Procedure 47(c), monetary relief is sought over $200,000 but not more than $1,000,000.00.

## ATTORNEY'S FEES

It has become necessary for Bill Boydston to retain the undersigned to pursue his case, and he seeks to recover attorney's fees as permitted under ERISA.

## CONCLUSION AND PRAYER

Plaintiff, Bill Boydston, requests that Defendants, Chevron Retirement Plan and Chevron Corporation, be cited to appear and answer, and that after final hearing on this matter, Plaintiff have judgment against Defendants for all actual damages outlined above, attorney's fees, prejudgment and

Certified Document Number: 80063269 - Page 5 of 6

post-judgment interest at the highest rates allowed by law, costs of court, and all other relief, both general and special, legal and equitable, to which Plaintiff is entitled.

>	Respectfully submitted,
>
>	Craig R. Keener, P.C.
>
>	/s/ Craig R. Keener
>	By: Craig R. Keener
>	State Bar No. 11167875
>	1005 Heights Boulevard
>	Houston, Texas 77008
>	CRKeener@aol.com
>	(713) 529-0048 Telephone
>	(713) 529-2498 Facsimile
>
>	ATTORNEY FOR PLAINTIFF
>	BILL BOYDSTON



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 19, 2018

Certified Document Number:        80063269 Total Pages:  6

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Case 4:18-cv-02136   Document 1-4   Filed in TXSD on 06/25/18   Page 9 of 12

6/22/2018 3:43 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25498623
By: Bristalyn Daniels
Filed: 6/22/2018 3:43 PM

CAUSE NO. 2018-34589

| | | |
|---|---|---|
| BILL BOYDSTON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CHEVRON RETIREMENT PLAN AND | § | |
| CHEVRON CORPORATION, | § | |
| | § | |
| Defendants. | § | 165TH JUDICIAL DISTRICT |

# CHEVRON RETIREMENT PLAN AND CHEVRON CORPORATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendants, Chevron Retirement Plan and Chevron Corporation (collectively, the "Chevron Defendants"), by Counsel, hereby file this Original Answer, and in support show the Court as follows:

## I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, the Chevron Defendants generally deny each and every allegation contained in Plaintiff Bill Boydston's Original Petition and demand strict proof thereof as required by the laws of this State.

## II. DEFENSES

The Chevron Defendants reserve the right to amend this answer to plead affirmative defenses pursuant to Texas Rule of Civil Procedure 63.

1

Certified Document Number: 80488159 - Page 1 of 3

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, upon final trial hereof, Chevron Retirement Plan and Chevron Corporation (the "Chevron Defendants") respectfully request that the Court enter a take nothing judgment as to all claims asserted by Plaintiff; that the Chevron Defendants be awarded costs of Court and attorneys' fees; and that the Court grant the Chevron Defendants all further relief to which they are entitled at law or in equity.

Dated: June 22, 2018

Respectfully submitted,

KING & SPALDING LLP

/s/     *Kayla Carrick*
Kayla Carrick
State Bar No. 24087264
1100 Louisiana, Suite 4000
Houston, Texas 77002
(713) 751-3254
(713) 751-3290 – Fax
kcarrick@kslaw.com

**Attorney for Defendants**
**Chevron Retirement Plan and**
**Chevron Corporation**

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of June, 2018, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court and served same by depositing a copy into the U.S. Mail with appropriate postage affixed to the following:

Craig R. Keener
1005 Heights Boulevard
Houston, Texas 77008
CRKeener@aol.com

Attorney for Plaintiff Bill Boydston

 */s/ Kayla Carrick*
 Kayla Carrick

Certified Document Number: 80488159 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 25, 2018

Certified Document Number:        80488159 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**